**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Marvin Ray WATTS, Defendant— Appellant.**

No. 05–30161.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 26, 2006.*

Filed March 10, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Andrew C. Friedman, Esq., USSE—Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Miriam F. Schwartz, Esq., FPDWA—Federal Public Defender's Office, Tacoma, WA, for Defendant–Appellant.

Before: RAWLINSON and CLIFTON, Circuit Judges, and BURNS,** District Judge.

** The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

## MEMORANDUM ***

Marvin Watts entered a conditional guilty plea to being a felon in possession of a firearm, after the district court denied his motion to suppress the gun found pursuant to a search incident to arrest. Watts claims that the investigative detention that led to the arrest was not based on reasonable suspicion, violating his Fourth Amendment rights under *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Therefore, Watts insists, the evidence should have been suppressed. We review the denial of a motion to suppress evidence *de novo, United States v. Michael R.,* 90 F.3d 340, 345 (9th Cir.1996), and underlying findings of fact for clear error. *United States v. Kim,* 25 F.3d 1426, 1430 (9th Cir.1994). We affirm.

For an investigative detention, or *"Terry* stop" to be justified, the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion. 392 U.S. at 21, 88 S.Ct. 1868. The "reasonable suspicion" standard is a lower standard than the probable cause necessary to justify an arrest, but it requires more than a mere "hunch." *United States v. Arvizu,* 534 U.S. 266, 274, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002). The analysis is based on the totality of the circumstances and must yield a particularized suspicion that the individual being stopped is engaged in wrongdoing. *United States v. Cortez,* 449 U.S. 411, 417, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981).

In this case, the officers who detained Watts knew the following facts at the time

of the investigatory stop: he was in a high-crime area, he was attempting to conceal himself from view, he was in active contact with individuals who appeared to be dealing drugs, those individuals scattered in response to the approach of a marked police car, and Watts attempted to retrieve something from or conceal something behind the seat of his car in response to the approach of the police car. Considering the circumstances surrounding Watts' detention in their entirely, the facts support a reasonable suspicion sufficient to justify the *Terry* stop. *See United States v. Mayo,* 394 F.3d 1271 (9th Cir.2005) (finding reasonable suspicion based on similar factual circumstances).

The investigative detention of Watts was not a violation of his Fourth Amendment rights under *Terry,* and therefore the motion to exclude evidence obtained as a result was properly denied.

AFFIRMED.

RAWLINSON, Circuit Judge, concurring.

I concur in the result.